UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ARMANDO ARCE,

                Plaintiff,                  **DECISION AND ORDER**

           v.                                  1:21-CV-0588 EAW

JUDGE LAWRENCE J. VILARDO,
Individually and in his official capacity,

                Defendant.
_____

## INTRODUCTION

*Pro se* plaintiff Armando Arce ("Plaintiff") filed this action against defendant Judge Lawrence J. Vilardo, District Judge for the United States District Court for the Western District of New York ("Judge Vilardo"), asserting claims in connection with Plaintiff's previous lawsuit, *Arce v. Chautauqua Family Court, et al*, No. 1:17-CV-0696 (the "*Chautauqua* Action"), a civil action over which Judge Vilardo presided.[1]  (Dkt. 1).  He

---

[1] Although not raised by Plaintiff, the Court notes that resolution of the instant action is a straightforward matter of law and does not require inquiry by the Court into the propriety of any actions taken by Judge Vilardo.  Under these circumstances, no reasonable observer could conclude that partiality towards Judge Vilardo would influence the undersigned's assessment of the matter.  *See McMurray v. Smith*, No. CIV 08-0805 JB/KBM, 2008 WL 8836074, at *1 n.1 (D.N.M. Sept. 29, 2008) ("[T]he Court notes that it need not recuse itself, even though the Defendants in this case are fellow judges from the District. . . .  The Compendium of Selected Ethics Opinions states that a judge need not recuse from a case involving a party that filed suit against the judge, where the judicial immunity will be a complete defense to the action against the judge." (citation and quotation omitted)); *see also Jones v. City of Buffalo*, 867 F. Supp. 1155, 1163 (W.D.N.Y. 1994) (finding that district judges are not required to "automatically recuse themselves simply because they or their fellow judges on the court are named defendants in a truly meritless lawsuit" (citation omitted)).

also seeks permission to proceed *in forma pauperis* (Dkt. 2), as well as a motion for permission to file electronically (Dkt. 5).

For the reasons that follow, Plaintiff may proceed as a poor person, but the complaint must be dismissed for failure to state a claim on which relief may be granted, and his motion for permission to file electronically is denied as moot.

## BACKGROUND

The following facts are taken from Plaintiff's complaint. (Dkt. 1). As is required at this stage of the proceedings, the Court treats Plaintiff's factual claims as true.

On or about July 25, 2017, Plaintiff filed a complaint in the *Chautauqua* Action. (Dkt. 1; *Chautauqua* Action (Dkt. 1)[2]). That case was assigned to Judge Vilardo. Plaintiff's claims in the *Chautauqua* Action arose from various proceedings in the Chautauqua Family Court involving the custody of Plaintiff's children. (Dkt. 1 at 5; *Chautauqua* Action (Dkt. 1)). Plaintiff named several New York State court judges, the New York State Eighth Judicial District and Chautauqua County Family Court, and Chautauqua County as defendants. (Dkt. 1 at 5). Defendants filed motions to dismiss Plaintiff's complaint and on September 17, 2019, Judge Vilardo issued a Decision and Order dismissing the claims asserted against the judicial defendants on grounds of judicial immunity, against the New York State defendants on Eleventh Amendment grounds, and

---

[2] The Court may take judicial notice of decisions and filings in other lawsuits filed in this district. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts, . . . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.").

against the County defendant for failure to state a claim upon which relief could be granted. (Dkt. 1 at 3; *Chautauqua* Action (Dkt. 39)).

In this action, Plaintiff alleges that Judge Vilardo's dismissal of his complaint was in error and contrary to law. (*Id.* at 2). He contends that Judge Vilardo wrongfully changed the caption of Plaintiff's case, eliminating Plaintiff's opportunity to be heard. (*Id.* at 2, 4). Plaintiff also alleges that Judge Vilardo abused his position as a judicial officer by protecting other judicial officers from wrongdoing, deprived Plaintiff of his First Amendment rights, and violated his liberty interest in raising his children. (*Id.* at 3, 6, 13). Finally, Plaintiff maintains that Judge Vilardo took advantage of Plaintiff's *pro se* status and purposefully denied Plaintiff the appointment of counsel in order to hide judicial abuses. (*Id.* at 13).

## DISCUSSION

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), he is granted permission to proceed *in forma pauperis*. Therefore, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), the Court must screen the complaint.

**I.   Legal Standard**

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such award. *See* 28 U.S.C. § 1915A(b)(1)-(2). "This obligation applies

equally to prisoner and nonprisoner in forma pauperis cases." *S.B. ex rel. J.B. v. Suffolk Cty.*, No. 13-CV-446 JS AKT, 2013 WL 1668313, at *1 (E.D.N.Y. Apr. 17, 2013); *see also McGill v. Buzzelli*, No. 6:19-CV-06228-MAT, 2020 WL 570607, at *1 (W.D.N.Y. Feb. 5, 2020) (same), *aff'd*, 828 F. App'x 76 (2d Cir. 2020). While the Court may afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal, leave to amend pleadings may be denied when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.").

In evaluating the complaint, the Court must accept all factual allegations as true and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted)); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) (discussing pleading standard in *pro se* cases after *Twombly*: "even after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice

requirements of Rule 8 of the Federal Rules of Civil Procedure, *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004).

## II. Plaintiff's Complaint

Judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities. *See, e.g.*, *Mireles v. Waco*, 502 U.S. 9, 12 (1991). "Such judicial immunity is conferred in order to insure 'that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)). "Thus, even allegations of bad faith or malice cannot overcome judicial immunity." *Id.*

The Supreme Court has developed a two-part test for determining whether a judge is entitled to absolute immunity. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). First, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* at 356-57 (quoting *Bradley*, 80 U.S. (13 Wall.) at 351); *see also Maestri v. Jutkofsky*, 860 F.2d 50, 53 (2d Cir. 1988) (finding no immunity where town justice issued arrest warrant for conduct which took place within neither his town nor an adjacent town, thereby acting in the absence of all jurisdiction).

Here, Plaintiff alleges that Judge Vilardo's dismissal of his complaint was contrary to statutory, constitutional, and common law. He further contends that Judge Vilardo came to the aid of defendants in the *Chautauqua* Action by changing the caption of his case,

- 5 -

which denied Plaintiff his right to be heard.  He argues that the case outcome deprived him of his liberty interest to raise his children and denied Plaintiff equal protections of the law. (Dkt. 1 at 13).  Given the substance of Plaintiff's claims, no allegation that Judge Vilardo acted in the clear absence of all jurisdiction would even be plausible. *See Kandov v. Taylor*, No. 21-CV-1346 (BMC), 2021 WL 3566166, at *3 (E.D.N.Y. Aug. 12, 2021) (holding that even if judicial officers "were all right or all wrong in their evaluation of state law, it cannot reasonably be contended that [the defendant judge] 'in the absence of all jurisdiction.'").

Second, a judge is immune for actions performed in his judicial capacity. *C.f., e.g.*, *Gregory v. Thompson*, 500 F.2d 59, 62 (9th Cir. 1974) (finding no immunity where judge assaulted litigant).  Plaintiff complains of precisely that: actions that Judge Vilardo performed in his judicial capacity.  Therefore, absolute judicial immunity bars Plaintiff's claims against Judge Vilardo and, thus, Plaintiff's claims against Judge Vilardo must be dismissed with prejudice. *See Sibley v. Geraci*, 858 F. App'x 415, 417 (2d Cir. 2021) (affirming dismissal of complaint where "the only actions complained of were those taken by a federal judge within the scope of his judicial responsibilities . . . as part of the judicial process, and any legal claim arising out of such actions is barred by absolute judicial immunity"), *cert. denied*, No. 21-204, 2021 WL 4822687 (U.S. Oct. 18, 2021)*; Heath v. Justices of Supreme Court*, 550 F. App'x 64, 64 (2d Cir. 2014) (affirming dismissal of complaint where "[b]ecause all the actions taken by the judicial defendants and complained of . . . were actions taken in their judicial capacity and in connection with [plaintiff's] federal and state court proceedings, [plaintiff's] claims [were] foreclosed by absolute immunity").

### III.     Leave to Amend

The Second Circuit has advised that a *pro se* complaint should not be dismissed without an opportunity to amend unless such amendment would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 122 (2d Cir. 2000).  The Court has considered whether to grant Plaintiff leave to amend, but finds that because the defects in Plaintiff's complaint are substantive, "better pleading will not cure [them]." *Id.*  Accordingly, Plaintiff's complaint is dismissed with prejudice.

### **CONCLUSION**

For the reasons set forth above, the Court allows Plaintiff's motion to proceed *in forma pauperis* (Dkt. 2) and dismisses Plaintiff's complaint (Dkt. 1) with prejudice as frivolous.  Plaintiff's motion for permission to file electronically (Dkt. 5) is denied as moot.  The Clerk of Court is directed to close the case.

Further, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:     November 28, 2021
           Rochester, New York